UNITED STATES  DISTRICT COURT

Northern District of California

| | |
|---|---|
| ABITSCH & ABITSCH LLC, | No. C 11-04833 MEJ |
| Plaintiff(s), | **ORDER TO SHOW CAUSE** |
| v. | |
| DARUKA WANIGATUNGA, | |
| Defendant(s). | |
| _____/ | |

Plaintiff Abitsch & Abitsch LLC has filed an Emergency Motion to Remand this matter to San Francisco County Superior Court.  Dkt. No. 5.  In its motion, Plaintiff argues that jurisdiction does not exist in this case and that its motion requires immediate attention because the case was set for trial on October 3, 2011.  *Id.*

In its Notice of Removal, Defendant Daruka Wanigatunga stated that removal is proper based on diversity jurisdiction.  Dkt. No. 1.  However, in its motion, Plaintiff argues that diversity does not exist because it is a limited liability company and, although it is registered in Nevada, two of its four managers/managing members, Jeffrey Abitsch and his wife, Barbara Abitsch, reside in San Bruno, California; the other two managers/managing members, George Abitsch and Irene Abitsch, reside in Reno, Nevada.  Mot. at 2.  For diversity purposes, a limited liability company is a citizen of all states where any of its managers of managing members reside.  *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, since two of Plaintiff's managing members reside in San Bruno, California, it would appear that Plaintiff is properly found to reside in California for diversity purposes.  Further, a limited liability company is found to exist in the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1); *Hertz Co. v. Friend, et al.*, 130 S.Ct. 1181, 1192-93 (2010).  Plaintiff states that

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  its sole business activity is the ownership and management of the commercial/industrial property

2  located at 698 Indiana Street, San Francisco (which is the property occupied by Defendant for which

3  possession is sought in the instant unlawful detainer action).  Mot. at 3.  Thus, diversity jurisdiction

4  appears to be lacking.

5        Defendant also states that jurisdiction is proper because Defendant intends to file a

6  counterclaim for violation of the Federal Debt Collection Practices Act.  However, federal

7  jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is

8  effected ."  *Strotek Corp. v. Air Transport Ass'n. of America*, 300 F.3d 1129, 1133 (9th Cir. 2002).

9  "The removal statute is strictly construed, and any doubt about the right of removal requires

10  resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir.

11  2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  The presence or absence of

12  federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that

13  "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

14  properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This rule makes

15  the plaintiff the master of its complaint and permits its to avoid federal jurisdiction by relying

16  exclusively on state law. *Id.* Ordinarily, therefore, federal question jurisdiction is determined from

17  the face of the plaintiff's complaint.  *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir.

18  1997).  Thus, as Plaintiff's Complaint is one based solely on a state law unlawful detainer cause of

19  action, Defendant's yet-to-be-filed counterclaim is irrelevant.

20        Based on this background, the Court ORDERS Defendant to show cause why this case should

21  not be remanded to San Francisco County Superior Court.  Defendant shall file a declaration by

22  October 6, 2011.  The October 6 hearing on Plaintiff's motion to remand is VACATED.

23        **IT IS SO ORDERED.**

24

25  Dated: October 4, 2011

26  _____
    Maria-Elena James
    Chief United States Magistrate Judge

27

28

2