UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| ABITSCH & ABITSCH LLC, | No. C 11-4833 MEJ |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| DARUKA WANIGATUNGA, | |
| Defendant. | |
| _____/ | |

This is an unlawful detainer action brought by Plaintiff Abitsch & Abitsch LLC ("Plaintiff") in the Superior Court of the State of California, County of San Francisco. Not. of Removal, Ex. A, Dkt. No. 1. On September 30, 2011, Defendant Daruka Wanigatunga ("Defendant") removed the case to this Court. Dkt. No. 1. On October 4, 2011, Plaintiff filed a motion to remand. Dkt. No. 5. Defendant has now filed an Opposition. Dkt. No. 10..

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. Further, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject

matter jurisdiction. 28 U.S.C. § 1447(c). The Ninth Circuit strictly construes the removal statute against removal jurisdiction and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus*, 980 F.2d at 566. Moreover, the burden of overcoming the "strong presumption" against removal is always on the defendant. *Id.*

Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law. *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). In its Notice of Removal, Defendant states that jurisdiction is proper because Defendant intends to file a counterclaim for violation of the Federal Debt Collection Practices Act. Not. of Removal at 3. However, federal jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected ." *Strotek Corp. v. Air Transport Ass'n. of America*, 300 F.3d 1129, 1133 (9th Cir. 2002). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This rule makes the plaintiff the master of its complaint and permits its to avoid federal jurisdiction by relying exclusively on state law. *Id.* Ordinarily, therefore, federal question jurisdiction is determined from the face of the plaintiff's complaint. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). Thus, as Plaintiff's Complaint is one based solely on a state law unlawful detainer cause of action, Defendant's yet-to-be-filed counterclaim is irrelevant.

Defendant also argues that removal is proper based on diversity jurisdiction. Not. of Removal at 2; Opp'n at 1-2. However, in its motion, Plaintiff argues that diversity does not exist because it is a limited liability company and, although it is registered in Nevada, two of its four

2

managers/managing members, Jeffrey Abitsch and his wife, Barbara Abitsch, reside in San Bruno, California; the other two managers/managing members, George Abitsch and Irene Abitsch, reside in Reno, Nevada. Mot. at 2. For diversity purposes, a limited liability company is a citizen of all states where any of its managers of managing members reside. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, since two of Plaintiff's managing members reside in San Bruno, California, it would appear that Plaintiff is properly found to reside in California for diversity purposes. Further, a limited liability company is found to exist in the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Hertz Co. v. Friend, et al.*, 130 S.Ct. 1181, 1192-93 (2010). Plaintiff states that its sole business activity is the ownership and management of the commercial/industrial property located at 698 Indiana Street, San Francisco (which is the property occupied by Defendant for which possession is sought in the instant unlawful detainer action). Mot. at 3. Thus, diversity jurisdiction appears to be lacking, and Defendant has failed to overcome the strong presumption against removal.

    Based on this analysis, the Court hereby REMANDS this case to San Francisco County Superior Court.

    **IT IS SO RECOMMENDED.**

Dated: October 7, 2011

                                                          Maria-Elena James
                                                        Chief United States Magistrate Judge